IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DR. RABBI K.A. ISRAEL, )
a/k/a DR. RABBI K. GARTH )
RICHARDSON, )
 )
 )
            Plaintiff, )
 )
       v. )  No. 07 C 4150
 )
BRITISH PETROLEUM REFINERY and )
B.P. PIPELINE(S) OF NORTH- )
AMERICA, et al. )
 )
            Defendants. )

## MEMORANDUM OPINION AND ORDER

Pro se plaintiff Dr. Rabbi K.A. Israel (aka Dr. Rabbi K. Garth Richardson) alleges that defendant British Petroleum Refinery, B.P. Pipeline of North America[1] has polluted Lake Michigan, causing named plaintiff and others to ingest harmful chemicals in the water they drink. Named plaintiff purports to bring this claim as a class action on behalf of all users of Lake Michigan and Great Lakes waters. Presently pending are plaintiff's motions to file the case under seal, to proceed in forma pauperis, and for appointment of counsel.

---

[1] Since the case is otherwise being dismissed, it is unnecessary to determine if plaintiff has named a suable entity.

Plaintiff does not support his request to file this case under seal. He provides no explanation as to why this case should be filed under seal. The request will be denied and the Clerk of the Court will be directed to unseal the case.

The financial affidavit that has been provided to the court is incomplete. It includes only the first page of this court's financial affidavit form. Plaintiff has attached copies of rent receipts and recent overdue bills. Whether plaintiff meets the financial requirements for proceeding *in forma pauperis* need not be decided since his cause of action is otherwise subject to dismissal for failure to state a claim. See 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff contends his claim is for violation of the National Environmental Policy Act of 1969, 42 U.S.C. §§ 4321-47. While an agency's violation of that Act may be reviewable under the Administrative Procedure Act, the Act does not provide a private right of action for an individual to bring a claim directly against a private party alleged to be damaging the environment. See San Carlos Apache Tribe v. United States, 272 F. Supp. 2d 860, 885-86 (D. Ariz. 2003), aff'd, 417 F.3d 1091, 1093 n.5 (9th Cir. 2005); Cooper v. Armstrong Rubber Co., 1989 WL 60338 *2 (S.D. Miss. Feb. 1, 1989); Tanner v. Armco Steel Corp., 340 F. Supp. 532, 537-39 (S.D. Tex. 1972).

Plaintiff also claims that defendant's alleged conduct violates the federal Constitution. Defendant, however, is a private party. There is no violation of the Constitution without governmental action. See Tarpley v. Keistler, 188 F.3d 788, 791-92 (7th Cir. 1999); Alonzo v. Condell Health Network, Inc., 2007 WL 1576489 *4 (N.D. Ill. May 30, 2007); Tanner, 340 F. Supp. at 535-37.

For the foregoing reasons, plaintiff's individual cause of action will be dismissed with prejudice for failing to state a basis to grant relief. The putative class allegations will be dismissed without prejudice.

IT IS THEREFORE ORDERED that plaintiff's motion to file this case under seal is denied. The Clerk of the Court is directed to unseal this action and make it part of the public record. Plaintiff's motion to proceed in forma pauperis is denied. Plaintiff's motion for appointment of counsel is denied as moot. The Clerk of the Court is directed to enter judgment in favor of defendant and against plaintiff dismissing plaintiff's individual cause of action with prejudice. The putative class claims are dismissed without prejudice. If plaintiff wishes to appeal this order, he must file a Notice of Appeal to the United States Court of Appeals for the Seventh Circuit with the Clerk of the Court, United States District Court for the Northern District of Illinois, 219 South Dearborn Street, 20th Floor, Chicago,

Illinois 60604, within thirty (30) days of the entry of the judgment in this case.

ENTER:

*William T. Hart*
UNITED STATES DISTRICT JUDGE

DATED: JULY 26, 2007